## McCASKILL *v.* PARKER.

WYATT, Justice. After the introduction of evidence by both parties, counsel for the defendant moved for a directed verdict, which was denied by the trial court, and to which ruling counsel filed exceptions pendente lite. The case was submitted to the jury, resulting in a verdict for the plaintiff. Counsel for the defendant filed a motion for a new trial on the general grounds and one special ground, which alleged that the court erred "in that it failed and refused to direct a verdict in favor of the defendant in said case at the conclusion of the testimony." On or before a hearing of the motion, counsel for the parties entered into the following stipulation: "1. The evidence offered in the trial supports the verdict. 2. There was no error on the charge of the court. 3. The sole issue for determination is whether or not the trial judge committed error in refusing to direct a verdict in favor of the defendant." The motion for new trial was overruled, and to this judgment the defendant excepted. A motion to dismiss the writ of error has been filed in this court. *Held:*

1. The motion to dismiss must be sustained. No brief of the evidence was filed in the lower court, nor approved by the lower court, nor certified to this court. Counsel for the plaintiff in error, with regard to the failure to file a brief of evidence, states in his brief: "There is no brief of evidence filed in this case because of the stipulation contained in the bill of exceptions," referring to the stipulation previously quoted. Counsel then proceeds to argue the nature of the evidence offered on the trial, and the reasons why a verdict should have been directed for the defendant. This court, of course, can not pass upon questions which require for determination an examination of the evidence, in a total absence of a brief of the evidence. Accordingly, the writ of error is

*Dismissed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16378. OCTOBER 13, 1948.

*Hamilton Burch,* for plaintiff in error.
*Copeland & Dukes,* contra.